FILED
10/7/2021 12:48 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L009905

FILED DATE: 10/7/2021 12:48 PM  2021L009905

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

RYAN KILLING, )
  )
       Plaintiff, )
  )
v. ) No. 2021L009905
  )
APPLE, INC., )
  )
       Defendant. )

## COMPLAINT

NOW COMES the Plaintiff, RYAN KILLING, by and through his attorneys, Collins Bargione & Vuckovich, and for his Complaint against the Defendant, APPLE, INC., states as follows:

### COUNT I
### Negligence

1. At all times relevant herein, Plaintiff Ryan Killing was a resident of Chicago, Illinois and was free from contributory negligence.

2. Defendant Apple, Inc. is a California corporation doing business in Cook County, Illinois.

3. Defendant Apple Inc. manufactured and created Apple Personalized AirPods Pro.

4. On the 29th day of October 2019, Plaintiff Ryan Killing ordered from Defendant Apple, Inc. Personalized AirPods Pro, order # W723756371.

5. The Apple Personalized AirPods Pro is a device used for listening to music and is a Bluetooth headphone.

6. The Defendant Apple, Inc. delivered a certain Personalized AirPods Pro into the stream of commerce with the expectation that it would be purchased and/or used by consumers in

1

FILED DATE: 10/7/2021 12:48 PM 2021L009905

the County of Cook and State of Illinois.

7. On November 7, 2019, the Apple Personalized AirPods Pro were delivered to Plaintiff Ryan Killing.

8. On November 9, 2019, Plaintiff Ryan Killing turned on the Apple Personalized AirPods Pro and was listening to music and then Plaintiff pressed the volume button on his Apple iPhone XR to increase the volume and the Apple Personalized AirPods Pro blasted the music into Plaintiff's ears momentarily until they were removed from his ears which caused nerve damage to Plaintiff's ears.

9. Defendant Apple, Inc. was at all times relevant hereto engaged in the testing, manufacturing, labeling, marketing, distributing, promoting and selling of the Apple Personalized AirPods Pro.

10. At all times relevant hereto, Defendant had a duty to exercise reasonable care and to comply with the existing standards of care in their preparation, design, research, development manufacture, labeling, marketing, promotion and sale of the Apple Personalized AirPods Pro which Defendant introduced into the stream of commerce including the duty to insure that users would not suffer from unreasonable dangers.

11. At all times relevant to this action, Defendant had a duty to warn all users, providers and consumers of the risks, dangers and adverse side effects of the full volume of the Apple Personalized AirPods Pro device.

12. At all time relevant to this action, Defendant knew or reasonably should have known that the Apple Personalized AirPods Pro device was unreasonably dangerous and defective when used as directed and as designed, including but not limited to the following particulars: that the device would blast at full volume when used and cause nerve damage to the ears of users.

13. Defendant deviated from the principals of due care, deviated from the standard of care, and was otherwise negligent on one or more of the following particulars:

a. In failing to conduct those tests and studies necessary to determine that the Apple Personalized AirPods Pro would injure a user's ears at full volume causing nerve injury to the ears of users. No limits were provided for the maximum volume or decibel level to ensure or prevent damage to the ears.

14. The product defects alleged above were the proximate cause of the injuries suffered by the Plaintiff Ryan Killing in that Plaintiff Ryan Killing suffered acoustic injury to both his ears.

15. As a direct and proximate result of Defendant's negligence, Plaintiff suffered the permanent injuries including bilateral, non-pulsatile, chronic hissing tinnitus in both ears.

WHEREFORE Plaintiff Ryan Killing prays for judgement against the Defendant Apple, Inc. in a sum in excess of $50,000.00.

## COUNT II
## STRICT LIABILITY

16. Plaintiff Ryan Killing incorporates and re-alleges Paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff Ryan Killing is in a class of persons that Defendant Apple, Inc. should reasonably foresee as being subject to the harm caused by defectively designed Apple Personalized AirPods Pro as Plaintiff Ryan Killing was the type of person for whom the Apple Personalized AirPods Pro were intended to be used.

18. Defendant Apple, Inc. is engaged in the business of the selling of the products, manufacturing, and supplying Apple Personalized AirPods Pro devices and placing them into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risk exceeded the benefits associated with the design and/or formulation of the product.

FILED DATE: 10/7/2021 12:48 PM 2021L009905

19. The Apple Personalized AirPods Pro device supplied to Plaintiff Ryan Killing was defective in design and formulation and unreasonably dangerous when it left the hands of the Defendant Apple, Inc., the manufacturer and supplier, and they reached the user and consumer of the product, Plaintiff Ryan Killing, without substantial alteration or safety enhancements in the condition in which they were sold.

20. The Apple Personalized AirPods Pro device manufactured by Defendant Apple, Inc. was unreasonable and dangerously defective beyond the extent contemplated by ordinary users of the product with ordinary knowledge regarding this product.

21. Defendant's Apple Personalized AirPods Pro device was defective due to inadequate warning that the device allows for a damaging level of volume to be achieved and that the lack of a governor that would prevent auditory damage. Defendant's Apple Personalized AirPods Pro device was defective due to inadequate post-marketing warning or instruction because after Defendant knew or should have known of the risk of injury from their Apple Personalized AirPods Pro device including tinnitus, they failed to provide adequate warnings to users of the product and continued to promote the product as safe and effective.

22. The product defects alleged above were a proximate cause of the injuries suffered by the Plaintiff Ryan Killing. Specifically, the Apple Personalized AirPods Pro device caused Plaintiff Ryan Killing to suffer bilateral, non-pulsatile, chronic hissing tinnitus in both ears. As a direct and proximate cause of Defendant's sale of a defective and dangerous product, Plaintiff suffered permanent injuries. Plaintiff Ryan Killing will also require future medical care, in addition, Plaintiff has suffered mental distress and anguish.

WHEREFORE Plaintiff Ryan Killing prays for judgement against the Defendant Apple, Inc. in a sum in excess of $50,000.00.

FILED DATE: 10/7/2021 12:48 PM    2021L009905

## COUNT III
## STRICT PRODUCTS LIABILITY FAILURE TO WARN

23. Plaintiff Ryan Killing incorporates and re-alleges paragraphs 1-22 of Count II as and for his Paragraph 22 of this Count III as though fully set forth herein.

24. Defendant Apple, Inc. manufactured Apple Personalized AirPods Pro devices and placed them in the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceed the benefits associated with the design and/or formulation of the product.

25. Defendant Apple, Inc.'s Personalized AirPods Pro devices were defective due to inadequate post-marketing warning or instruction because after Defendant knew or should have known of the injury from their Apple Personalized AirPods Pro device of tinnitus, Defendant Apple, Inc. failed to provide adequate warnings to the users and continued to promote the Apple Personalized AirPods Pro device as safe and effective.

26. The defective warning and labeling and lack of safety enhancements on the stimulation device were substantial factors in bringing about the injury to the Plaintiff Ryan Killing.

27. As a direct and proximate result of the defective condition of the Apple Personalized AirPods Pro devices as manufactured and/or supplied by Defendant Apple, Inc. and specifically its failure to warn, Plaintiff Ryan Killing suffered those injuries and damages as described with particularity above.

WHEREFORE Plaintiff Ryan Killing prays for judgment against Defendant Apple, Inc. in a sum in excess of $50,000.00.

FILED DATE: 10/7/2021 12:48 PM 2021L009905

By: _____
One of the attorneys for Plaintiff

Christopher Bargione (chris@cb-law.com)
ARDC: 6185177
Collins Bargione & Vuckovich
One North LaSalle Street, Suite 300
Chicago, Illinois 60602
(312) 372-7813
Attorney No. 65611

FILED DATE: 10/7/2021 12:48 PM   2021L009905

STATE OF ILLINOIS        )
                         ) SS
COUNTY OF COOK           )

# VERIFICATION

Subject to the penalties of perjury, the undersigned states that I have knowledge of the matters alleged in the foregoing document and that the statements contained therein are true to the best of my knowledge and belief.

_____
Ryan Killing

FILED
10/7/2021 12:48 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L009905

FILED DATE: 10/7/2021 12:48 PM  2021L009905

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| RYAN KILLING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. **2021L009905** |
| APPLE, INC., | ) ) ) |
| Defendant. | ) |

### AFFIDAVIT PURSUANT TO ILLINOIS SUPREME COURT RULE 222(b)

Pursuant to Illinois Supreme Court Rule 222(b), counsel for the above named Plaintiff certifies that Plaintiff seeks money damages in excess of $50,000.00.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except to matters therein stated to be on information and belief and as to such matters, the undersigned certifies that he verily believes the same to be true.

FURTHER AFFIANT SAYETH NOT.

_____
Christopher Bargione

**SUBSCRIBED and SWORN** to before
me this 7 day of October 2021.

_____
NOTARY PUBLIC

OFFICIAL SEAL
ANGELICA NUNEZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/05/24